PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* MEDARDO COLÓN, Defendant and Appellant.

No. 3145. Argued May 19, 1927.—Decided May 24, 1927.

*E. Martínez Avilés* and *Luis A. Castro* for the appellant. *José E. Figueras* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Appellant Medardo Colón was charged with and convicted in the District Court of Arecibo of carrying a forbidden weapon.

The only error assigned is that the District Court of Arecibo had no jurisdiction of the case because the defendant testified at the trial that when the act was committed he had just arrived at his home in Barros which forms a part of the judicial district of Ponce.

Analyzing the testimony of the defendant, we find that it is not so clear as alleged by his attorney; but admitting that it could be inferred therefrom that he stated that the act with which he was charged had been committed in Barros, as a matter of fact the testimony of Juan Pérez and María Pérez plainly shows that the crime was committed in the ward of Perchas of the municipality of Morovis which forms part of the judicial district of Arecibo.

Such being the case, it can not be held that the court had no jurisdiction.

Moreover, not only could the court decide the contradiction in favor of its jurisdiction, but it will be seen, on a proper consideration of the evidence, that there is no such contradiction. Barros and Morovis border on each other. The defendant could have arrived at his home situated in Barros and nevertheless have committed the offense in Morovis. The origin of the occurrence was a wound received by a child. The defendant left his home armed with a *machete* on being called by Juan Pérez on account of the child's wound. Pérez was on the property of his mother-in-law situated in Perchas of Morovis and the defendant entered that property and gave him a couple of blows with the flat of his *machete*. It seems that the property of the defendant and that of the mother-in-law of Pérez are on the border of each municipality and thus, by walking only a few steps, perhaps, the defendant left Barros and entered Morovis.

The judgment appealed from must be affirmed.